UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| EVA HALLENE MCNELLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:12-CR-66-TAV-HBG-2 |
| | ) | 3:16-CV-423-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 921]. The United States responded in opposition to collateral relief on August 31, 2016 [Doc. 935], and the time for Petitioner to file a reply has lapsed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, the petition [Doc. 921] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.     BACKGROUND**

On April 29, 2013, Petitioner plead guilty to conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) [Docs. 492, 504]. In her plea agreement, she "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," except for "claims of ineffective assistance of counsel and prosecutorial misconduct" [Doc. 492 ¶ 9(b)].

Based on a prior Tennessee conviction for facilitating the sale of cocaine, Petitioner faced an enhanced statutory penalty range of up to thirty years' imprisonment for her offense [Doc. 199]. Based on the quantity of oxycodone involved in Petitioner's conspiracy, she had a base offense level of 34 under Section 2D1.1(c)(3) of the United States Sentencing Guidelines [Doc.

823]. After a three-level enhancement for her role as a manager or supervisor [Presentence Investigation Report ("PSR") ¶ 25], and a three-level reduction for acceptance of responsibility [Id. ¶¶ 29–30], Petitioner's received a total offense level of 34 [Id. ¶ 31]. When combined with her criminal history category V, the total offense level resulted in an advisory Guideline range of 235 to 293 months' imprisonment [Doc. 823]. The United States moved for a downward departure pursuant to Section 5K1.1, and, on January 27, 2015, the Court sentenced Petitioner to 140 months' imprisonment [Doc. 823]. No appeal was taken. Sixteen months later—on June 30, 2016—Petitioner filed the instant petition for collateral relief [Doc. 921].

## II.    TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not

2

have previously been discovered through the exercise of due diligence. The timeliness of his petition depends on whether its submission complied with subsections (f)(1) and (f)(3).

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Using the same reasoning, the Sixth Circuit has made clear that "when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon expiration of the period in which the defendant could have appealed to [such court], even when no notice of appeal was filed." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (quoting *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). Petitioner's judgment of conviction became final on February 10, 2015, fourteen days after the Court entered judgment on January 27, 2015. *See Sanchez Castellano v. United* States, 358 F.3d 424, 428 (6th Cir. 2004) (explaining unappealed judgments of conviction becomes final when the period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A) (20012) (noting criminal defendant was required to file a notice of appeal within fourteen days of entry of the judgment appealed). The window for requesting relief under subsection (f)(1) began to run on that date, expired on February 10, 2016.

The petition contains four grounds for relief: (1) sentence enhancement in violation of the Supreme Court's mandate in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (Ground One); (2) imposition of an improperly disproportionate sentence (Ground Two); (3) unspecified instances of ineffective assistance (Ground Three); and (4) *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), residual provision for unconstitutional vagueness (Ground Four) [Doc. 921].

3

Petitioner's failure to file the petition until June 30, 2016—over four and a half months after expiration of subsection (f)(1)'s one-year window on February 10, 2016—leads the Court to conclude that the motion should be deemed untimely under subsection (f)(1). To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for relief based on a newly-recognized right made retroactively applicable on collateral review, the Court finds subsection (f)(3) inapplicable to Petitioner's first three grounds. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a right newly recognized, and made retroactive, by the Supreme Court).

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

After a thorough review of the petition [Doc. 921] and supporting memorandum [Doc. 922], the Court concludes Petitioner has failed to put forth extraordinary circumstances justifying his failure to submit Grounds One, Two, and Three within the window permitted by § 2255(f). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts

4

indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). The first three grounds will be denied as untimely.

Unlike the first three grounds, Ground Four—which cites *Johnson*—relies on a new rule made retroactively applicable on collateral review and, as a result, the renewed one-year period under subsection (f)(3). *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The window began on June 26, 2015; Ground Four falls safely within the one-year period [Doc. 921].

### IV. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### V. ANALYSIS

In her sole timely ground for relief, Petitioner appears to argue that she no longer possesses predicate offenses sufficient to support categorization as an armed career criminal

5

Case 3:12-cr-00066-TAV-HBG   Document 955   Filed 10/20/16   Page 5 of 6   PageID #: 3409

under § 924(e) and career-offender under Section 4B1.1, or an enhanced base offense level under Section 2K2.1(a) [Doc. 921 pp. 4; Doc. 922]. All three arguments fail because the CM/ECF record and PSR clearly demonstrates that she was never subjected to enhancement under any of the listed provisions [Docs. 199, 823; PSR ¶¶ 25, 29–31]. Instead, Petitioner's 140-month term of incarceration resulted from the Court's decision to grant the United States' Section 5K1.1 motion and deviate from the enhanced statutory penalty range under § 841(b)(1)(C) [Doc. 823]. *Johnson* does not apply to Petitioner under the circumstances and thus cannot operate as a basis for correcting, setting aside, or vacating her sentence.

III. CONCLUSION

For the reasons discussed, the petition [Doc. 921] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE